**DUNN v. BAKER–LAWHON & FORD, Inc., et al.**

**No. 5739.**

Court of Appeal of Louisiana. Second Circuit.

Jan. 10, 1939.

Rehearing Denied March 8, 1939.

Writ of Certiorari and Review Denied May 1, 1939.

Sholars & Gunby, G. Allen Kimball, and Theus, Grisham, Davis & Leigh, all of Monroe, for appellants.

McHenry, Lamkin & Titche, of Monroe, for appellee.

HAMITER, Judge.

The accident discussed in the opinion of the case of Austin v. Baker-Lawhon· & Ford, Inc., et al., 188 So. 416, this day decided by us, is responsible for the filing of this proceeding.

Oscar Lee Dunn was found, as stated in the aforementioned opinion, at the locus of the collision in an unconscious and injured condition. He attributes his injuries to said accident, and asks damages from James Marshall, Baker-Lawhon & Ford, Inc., Trinity Universal Insurance Company, J. T. Austin and the Employers Casualty Company.

The district judge awarded him a solidary judgment against the first three named defendants in the amount of $378, but rejected his demands against the latter two. He did not perfect an appeal from the judgment, and, consequently, we cannot review his claim against the said Austin and the Employers Casualty Company. However, he asks, through an answer to the appeals of the other defendants, an increase in his award.

Plaintiff worked as a delivery boy for one Sam Inzina, who operated a grocery store on the southeast corner of the intersection. Immediately before the occurrence of the collision he was observed innocently seated on a bench located on neutral ground in front of that store. The Austin car, following the impact with the truck, struck the bench. Thereafter he was found lying in a nearby ditch. He was unable to testify as to the object that struck him, for his back was toward the intersection at the time. There was no other happening, however, that could have caused his injuries and we think that the proof amply sustains his contention that the collision was responsible therefor.

In view of the fact that plaintiff was in no manner negligent and did not contribute to the accident, and for the reasons given in the opinion of the Austin case, supra, we hold that appellants are liable in damages to him.

Plaintiff's work consisted of cleaning the store and· delivering groceries. For this he was paid a weekly wage of $7. Several hours after the accident he was taken to a physician's office for observation and treatment. He regained consciousness before his arrival there. An examination revealed a severe sprain of his right ankle and contusions about his body. He was confined to his bed for a period of ten days, endured much pain during that time, and was unable to work for four weeks. The judgment of the trial court was for $28 for loss of wages and $350 for injuries, pain and suffering, or the total of $378. This amount appears to be neither excessive nor inadequate.

The judgment is therefore affirmed.